UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

| | |
|---|---|
| In Re: | |
| MANUELA V. IONTA and<br>SETH G. IONTA, | Case No.: 11-20058<br>Chapter 13 |
| Debtors. | |
| MANUELA V. IONTA and<br>SETH G. IONTA, | |
| Plaintiffs, | Adv. Proc. No.: 16-2006 |
| v. | |
| INTERNAL REVENUE SERVICE | |
| Defendant. | |

**ORDER**

This matter came before me on defendant United States of America's motion to dismiss plaintiffs Manuela V. Ionta and Seth G. Ionta's adversary proceeding complaint (Docket Entry ("DE") 7) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, as made applicable by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure.[1] After consideration of the

---

[1]

To survive a motion to dismiss for failure to state a claim, a complaint need not present "detailed factual allegations," but it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'." The precise parameters of the plausibility standard are "still a work in progress," but, at bottom, a complaint's non-conclusory factual content must "allow [ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged". An "unadorned, the-defendant-unlawfully-harmed-me accusation" will not do.

Gianfrancesco v. Town of Wrentham, 712 F.3d 634, 638–39 (1st Cir. 2013) (citations omitted).

parties' arguments and submissions, including the opposition of the Iontas, the reply of the United States, and the arguments of counsel at the hearing on May 11, 2016, I GRANT the motion to dismiss, without prejudice.

The United States seeks dismissal on the grounds that the Iontas failed to exhaust their administrative remedies under 26 U.S.C. §7433(d)(1) which provides that a judgment against the United States for damages in a civil action by a taxpayer for a willful violation of the bankruptcy discharge injunction "shall not be awarded . . . unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service."  It is undisputed that the Iontas have not sought such an administrative review prior to commencing this action.

The Iontas cite only one authority for their position that this case must not be dismissed - Internal Revenue Service v. Murphy, 2015 WL 790075 (D. Me. Feb. 24, 2015), appeal dismissed (Nov. 4, 2015).  They maintain that Murphy clearly establishes the steps that a debtor must take to recover money damages.  I disagree.  First, Murphy is a fact-intensive case with limited applicability and its facts are distinguishable from those here.  In Murphy, the debtor pursued two counts against the Internal Revenue Service; he requested a declaratory judgment that his personal liability for certain income taxes was discharged and he sought an injunction requiring the Internal Revenue Service to immediately cease and desist all collection activities against him for such liability.[2]  Id. at 2.  Here, the Iontas filed a one-count complaint against the Internal

---

[2] Mr. Murphy initially raised a separate claim for damages, interest costs and attorneys' fees for violation of the discharge injunction but the Internal Revenue Service and he stipulated to the dismissal of that claim.  Murphy v. Internal Revenue Service, Adv. Pro. No.: 09-0242, Docket Entry 40 (Bankr. D. Me. May 3, 2010).

Revenue Service which essentially only seeks money damages.[3]  Further, Murphy does not address the primary basis for the United States' request for dismissal: administrative exhaustion.

Contrary to the Iontas' argument, Congress made it plain that the exclusive remedy for obtaining civil damages for unauthorized tax collection activity in bankruptcy, the relief the Iontas seek here, is found in 26 U.S.C. §7433.[4]  See also, 26 C.F.R. §301.7433-2(d).  As the United States correctly notes, the weight of authority supports this proposition.  See Kovacs v. United States, 614 F.3d 666, 673 (7th Cir. 2010); Pointer v. United States (In re Pointer), 510 B.R. 433, 437 (Bankr. M.D. Ga. 2014) (collecting cases); Kuhl v. United States, 467 F.3d 145, 147 (2d Cir. 2006); Kight v. IRS (In re Kight), 460 B.R. 555, 565 (Bankr. M.D. Fla. 2011); Nicholson v. Internal Revenue Serv., 2015 WL 6152922, at *2 (N.D. Fla. Sept. 15, 2015).  Though some courts have concluded otherwise, see, e.g., Johnston v. United States (In re Johnston), 2010 WL 1254882 at *5 (Bankr. D. Ariz. Mar. 22, 2010); In re Graham, 2003 WL 21224773 at *2 (Bankr. E.D. Va. Apr. 11, 2003), they are anomalies and run contrary to the plain language of

---

[3] The Iontas' complaint also sought confirmation that their tax liability had been discharged.  As contrasted with the facts in Murphy, here the United States has conceded that the Iontas have no tax liability thus that aspect of the Iontas' complaint is moot.  I also note that the complaint seeks relief under a variety of theories including some which are not viable (such as relief under 11 U.S.C. §362(k) given that the automatic stay was no longer in effect) and they seek relief against a non-party (Citi) for actual damages including costs and attorneys' fees pursuant to 11 U.S.C. §105.

[4] 26 U.S.C. §7443 **(e) Actions for violations of certain bankruptcy procedures.**—

 **(1) In general.--**If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service willfully violates any provision of section 362 (relating to automatic stay) or 524 (relating to effect of discharge) of Title 11, United States Code (or any successor provision), or any regulation promulgated under such provision, such taxpayer may petition the bankruptcy court to recover damages against the United States.

 **(2) Remedy to be exclusive.—**

  **(A) In general.--**Except as provided in subparagraph (B), notwithstanding section 105 of such Title 11, such petition shall be the exclusive remedy for recovering damages resulting from such actions.

§7433.  Thus, on these facts, given the relief sought in the Iontas' complaint, I conclude that it fails to state a plausible claim for relief and must be dismissed.

I reach this conclusion notwithstanding the Iontas' pending motion to amend their complaint (DE 13) because the amended complaint (DE 13-3) does not allege a cause of action which would justify the type of relief sought in Murphy.  In the instant case, the United States already conceded that they abated all liability for the tax obligations and thus, implicitly conceded that there would be no further collection activity against the Iontas.  Given the exhaustion requirement of 26 U.S.C. §7433, it makes no sense to allow an amended complaint in this action.  The Iontas should follow the requirements established by Congress, exhaust their administrative remedies and if they remain unsatisfied and believe they have a colorable claim, they can pursue further relief with this court at that time.

The Iontas' complaint is therefore dismissed without prejudice, and their motion to amend their complaint is denied.

Dated: May 25, 2016                                         /s/  Peter G. Cary
                                                            Hon. Peter G. Cary
                                                            United States Bankruptcy Judge
                                                            District of Maine